## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Alcia Alexander, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:23-cv-01890-ER |
| | ) | |
| v. | ) | |
| | ) | |
| Experian Information Solutions, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Alcia Alexander ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant[s], and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.    Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained

therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party filing any document under seal must comply with the requirements of the Individual Practices of Judge Ramos or Magistrate Judge Cott, as appropriate depending on the judge to whom the filing is addressed.

4.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph 2 or 3 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as

confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

5.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6.      Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

7.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as

provided herein, and are further enjoined from using same except in the preparation for and trial

of the above-captioned action between the named parties thereto.  No person receiving or

reviewing such confidential documents, information or transcript shall disseminate or disclose

them to any person other than those described above in Paragraph 5 and for the purposes

specified, and in no event shall such person make any other use of such document or transcript.

8.       Nothing in this Order shall prevent a party from using at trial any information or

materials designated "Confidential."

9.       This Order has been agreed to by the parties to facilitate discovery and the

production of relevant evidence in this action.  Neither the entry of this Order, nor the

designation of any information, document, or the like as "Confidential," nor the failure to make

such designation, shall constitute evidence with respect to any issue in this action.

10.      Within sixty (60) days after the final termination of this litigation, upon request by

the designating party, the receiving party shall assemble and return to the designating party all

materials containing information designated in accordance with paragraph 2 above.  The

designating party may elect to have its designated materials destroyed rather than returned, in

which case the other party shall provide written verification that the materials, including any

summaries, extracts, compilations, or notes, have been destroyed. Notwithstanding the above

requirements to return or destroy documents, counsel may retain materials which in the good

faith judgment of counsel are work product and one complete set of all documents filed with the

Court including those filed under seal. Any retained Confidential Information shall continue to

be protected under this Order.

11.      In the event that any party to this litigation disagrees at any point in these

proceedings with any designation made under this Protective Order, the parties shall first try to

resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the

producing party may seek appropriate relief from this Court.  During the pendency of any

challenge to the designation of a document or information, the designated document or

information shall continue to be treated as "Confidential" subject to the provisions of this

Protective Order.

12.     Nothing herein shall affect or restrict the rights of any party with respect to its

own documents or to the information obtained or developed independently of documents,

transcripts and materials afforded confidential treatment pursuant to this Order.

13.     The Court retains the right to allow disclosure of any subject covered by this

stipulation or to modify this stipulation at any time in the interest of justice.

Respectfully submitted,

Dated: 8/11/23         

*/s/Meredith Christian (with consent)*
Joseph N. Parsons
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 394-9590
jparsons@jonesday.com

Meredith Christian
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3684
mchristian@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

Dated: 8/11/23         

*/s/Craig Marchiando (with consent)*
Craig Carley Marchiando
Consumer Litigation Associates
763 J. Clyde Morris Blvd.
Suite 1-A
Newport News, VA 23601

757-930-3660
craig@clalegal.com

Abel Luc Pierre
Law Office of Abel L. Pierre, PC
140 Broadway, 46th Floor
New York, NY 10005
212-766-3323
abel@apierrelaw.com

*Counsel for Plaintiff*

Dated: 8/11/23                          /s/Joshua Stiers
                                        Joshua Allen Stiers
                                        Schuckit & Associates, P.C.
                                        4545 Northwestern Drive
                                        46077
                                        Zionsville, IN 46077
                                        317-363-2400
                                        jstiers@schuckitlaw.com

                                        *Counsel for Trans Union, LLC*

IT IS SO ORDERED.

Dated:        August    , 11,    2023     /s/   Edgardo Ramos, U.S.D.J.

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulated Protective Order entered in this action on

_____, 2023.

5.      I have carefully read and understand the provisions of this Stipulated Protective

Order.

6.      I will comply with all provisions of this Stipulated Protective Order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the

Stipulated Protective Order, any information, documents or other materials produced subject to

this Stipulated Protective Order.

8.      I will use such information, documents or other materials produced subject to this

Stipulated Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all

information, documents or other materials produced subject to this Stipulated Protective Order,

and all documents or things which I have prepared relating to the information, documents or

other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or

to counsel for the party by whom I am employed or retained or from whom I received the

documents.

10.      I hereby submit to the jurisdiction of this Court for the purposes of enforcing the

Stipulated Protective Order in this action.

1

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 2023, at _____.

_____
QUALIFIED PERSON